McDANIEL v. HENDERSON.

(Court of Civil Appeals of Texas. Ft. Worth. April 20, 1912.)

FRAUD (§ 41*)—PETITION—SUFFICIENCY.

A petition in an action to recover for fraud, which charged that the defendant represented to the plaintiff, on making a contract of sale, that there were a certain number of acres of land conveyed by the instrument, together with some land in excess of the land stated, which would go with that conveyed, and that such representations were relied on by the plaintiff, but were false, in that the tract did not contain the number of acres represented, was sufficient as against a general exception, when tested by rule 17 for district and county courts (142 S. W. xviii), which provides that as against a general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency, even though it did not negative the inference that the full quantity of land was conveyed, when the excess land was taken into consideration.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 36, 37; Dec. Dig. § 41.*]

Appeal from Clay County Court; W. T. Allen, Judge.

Action by T. J. McDaniel against W. A. Henderson. From a judgment sustaining a general demurrer to the petition, plaintiff appeals. Reversed and remanded.

R. E. Taylor and Denny & Moss, all of Henrietta, for appellant. H. A. Allen, of Henrietta, for appellee.

SPEER, J. T. J. McDaniel sued W. A. Henderson to recover damages for fraudulently misrepresenting the location and quantity of a tract of land conveyed by the defendant to the plaintiff, and from a judgment of the county court sustaining a general demurrer to his petition has appealed.

Omitting the formal parts, the substance of appellant's petition is shown by the following quotation: "That at the time of making of said contract of sale defendant represented to plaintiff that there was 244 acres of land conveyed by said deed, lying west of said fence, included in said deed of conveyance, and that there was some excess land lying east of said fence and bluff, and between same and the channel of the said river, that would go with said 244 acres, but was in excess of the said 244 acres represented by the defendant to plaintiff to lie west of said fence. That the real consideration for the said contract of conveyance was that there should be 244 acres of land included in said deed and lying west of said fence. That the land conveyed in said deed was not described by metes and bounds, and that plaintiff did not know, and could not

have known by looking at said land included in said deed lying west of said fence, that there was less than 244 acres of same. That he is not a practical surveyor, and that he relied upon the defendant's statement that there was 244 acres therein as true. That plaintiff would not have purchased said land, had not defendant made such representation, and had not plaintiff believed said representation to be true and relied thereon. That plaintiff was induced by the said representation of defendant, to the effect that there was 244 acres of land in said deed lying west of said fence, to consummate the said contract of sale, and to pay to the defendant the said cash consideration of $4,000 and to execute and deliver to him his said note for $8,000, the balance of the purchase price thereof. That in truth and in fact there is not 244 acres of land included in said deed west of said fence, and that defendant's representation to plaintiff that there was was a material misrepresentation of fact, and a material inducement to plaintiff to make said contract. That there is only about 224 acres of land mentioned in said deed from defendant to plaintiff that lies west of said fence, and that in truth and in fact plaintiff gets by virtue of said deed about 20 acres of land less west of said fence than defendant represented to plaintiff that he would get. That said 20 acres of land was worth on the market at the date of said sale about $49.18 per acre, and that plaintiff paid defendant therefor about $49.-18 per acre. That by reason of said misrepresentation, made by defendant to plaintiff, plaintiff has suffered great loss and injury, and has been damaged in the sum of $990. Wherefore plaintiff prays that defendant be cited to answer herein, and that upon hearing plaintiff have judgment for his damages and cost of suit, and for special and general relief."

The rule of interpretation is well understood to be that as against a general exception every reasonable intendment arising upon the pleadings excepted to shall be indulged in favor of its sufficiency. Rule 17 for the District and County Courts (142 S. W. xviii). When thus tested, appellant's petition shows a case where, according to the representations of appellee, he was to receive, as excess above the 244 acres represented to be in the tract west of the fence, all land contained within the boundaries which lay east of such fence, and that there were 244 acres west of the fence, while in truth there were only 224 acres lying west of the fence, which shortage was worth, and he had paid for it, $49.18 per acre, to his damage $990. Under these allegations the petition does show a cause of action, even though it be admitted that it does not negative the inference that the full quantity of land was conveyed when the land east of the fence is taken into consideration. As already stated, this land, however much it was, was so much extra, and appellee had represented there were otherwise 244 acres in the tract.

The court erred in sustaining the general demurrer, for which error the judgment is reversed, and the cause remanded.